Anthony D. VINCENT, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1184S469.

Supreme Court of Indiana.

Feb. 21, 1986.

Richard L. Langston, Frankfort, for appellant.

Linley E. Pearson, Atty. Gen., and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Anthony D. Vincent was convicted of murder and robbery, a class A felony, at the conclusion of a jury trial in the Clinton Circuit Court. The trial court sentenced him to sixty (60) years for murder and forty (40) years for robbery, to be served concurrently. Appellant now directly appeals and raises the following issues:

1. whether the trial court erred in admitting State's Exhibit No. 22;

2. whether the trial court abused its discretion in denying Appellant's Motion for Jury to View Scene;

3. whether the trial court erred in refusing Appellant's Tendered Instructions Nos. 8 and 9; and

4. whether the trial court erred in denying Appellant's Motion for Judgment on the Evidence, and whether the verdict is supported by sufficient evidence.

Ronald Ottinger, the victim, was reported missing by his father on October 25, 1983. Earlier that day the victim had been paid cash for prior employment by Iris Hacker, who testified that Ronald was in a car driven by another man. Michael Friend testified Ronald was in a car driven by Appellant in Frankfort on that day, when Ronald paid Michael for work he had helped with. Michael also testified that Ronald had additional money, and had invited him to go hunting with him and Appellant. Ronald had a box of shotgun shells. Ronald was known to carry large sums of money, and had $4,100 in his possession shortly before October 25. Ronald's body was found in an area used for hunting on November 4, 1983, with his hands above his head and his trousers down around his ankles. No money was found on the body, and Ronald's wristwatch was missing. An autopsy revealed the cause of death to be a shotgun wound to the back. There was various testimony that it was unusual for Appellant to have much money, yet, shortly after October 25, 1983, Appellant had a significant amount of money, and a search of his residence produced four (4) $100 bills in the ceiling above a light fixture. Appellant admitted to the police and others that he knew Ronald often carried large amounts of money. Appellant also told others that he had shot Ronald but that it was an accident. Appellant did admit that he had taken Ronald's watch and wallet and that he had made it look like a "gay

murder." Kevin Winchester, a fellow inmate, testified Appellant told him he had shot Ronald for his money.

## I

At trial, Appellant objected to the admission into evidence of State's Exhibit No. 22, claiming the Exhibit, an aerial photograph of the crime scene, distorted the actual view. Appellant makes the same argument here. He claims the photograph distorts the view of the crime scene and further claims Officer Pearcy's testimony demonstrates the photograph is distorted. The State disagrees with Appellant's position and contends Pearcy's testimony does not support Appellant's claim. Officer Pearcy testified the photograph accurately depicted the crime scene as it appeared at the time the body was being removed. Officer Pearcy testified there was some problem with the corner of the exhibit but specifically stated this defect did not affect the photograph itself. It was his testimony that the exhibit was an accurate representation of the scene as it appeared on the day the body was removed.

Photographs depicting the scene of a crime are competent and relevant in assisting jurors in orienting themselves and understanding the evidence. *Grimes v. State* (1983), Ind., 450 N.E.2d 512, 517; *Hudgins v. State* (1983), Ind., 443 N.E.2d 830, 832. The admission of photographs is within the sound discretion of the trial court and will not be disturbed except for an abuse of that discretion. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, 1225, *reh. denied* (1985). Appellant does not point out in what way the photograph was distorted or how any distortion affected its admissibility, nor that it prejudiced him in such a manner that it amounted to an abuse of discretion by the trial court. The photograph of the crime scene certainly would have been relevant and competent in assisting the jurors. Since Appellant makes no showing to the contrary, we find no grounds to find the trial court abused its discretion in this matter.

## II

After the State rested its case-in-chief Appellant moved to permit the jury to view the scene of the crime. The State opposed the motion at this time and the trial court denied it. At the close of all the evidence Appellant renewed his motion for a jury view and the State at this time consented. The court granted the motion. However, the trial judge first visited the scene himself and found it inaccessible to the jury, and further found he was unable to make arrangements to take the jury to the scene. He therefore reconsidered the motion and denied it. Appellant now claims the viewing by the jury would have helped the jury materially and the trial court therefore abused its discretion in refusing it.

Ind.Code § 35–37–2–5 provides that a judge may order the jury to view the scene whenever the court believes it to be proper or a party makes a motion. It is not mandatory on a party's motion for a court to grant the view. A jury's view of the scene is not intended as evidence but is simply to aid the jury in understanding the evidence. The determination of whether or not to permit the jury to view a scene is wholly discretionary with the trial court since a viewing of a relevant scene by the jury is not essential to a fair trial. *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 909; *Mears v. State* (1983), Ind., 455 N.E.2d 603, 604. The fact that the State consented to the viewing does not alter the fact that the decision was wholly discretionary with the trial court. *Gaunt v. State* (1983), Ind., 457 N.E.2d 211, 215. Appellant argues photographs of the crime scene did not adequately represent the scene to the jury and therefore a viewing would be materially helpful. He again claims State's Exhibit No. 22 did not accurately portray the scene, but he again fails to point out the specifics of the claimed inaccuracies. There was other photographic evidence depicting the scene, plus descriptive testimony of Officer Pearcy, Terry Vertrees, Sam Conner, and Thomas Catron. In view of these circumstances, Appellant has given us no grounds for finding

the trial court abused its discretion in refusing the jury view of the scene. *See Johnson*, Ind., 472 N.E.2d at 909; *Mears*, Ind., 455 N.E.2d at 604.

### III

Appellant maintains the trial court erred in refusing his Tendered Instructions Nos. 8 and 9.

A. TENDERED INSTRUCTION No. 8; THE DEFENSE OF ACCIDENT: Appellant tendered an instruction regarding the defense of accident, explaining the conduct must have been unintentional or without unlawful or evil intent, and that the act causing injury must not have been unlawful, nor done recklessly, carelessly, or in wanton disregard of the consequences. The instruction closed by explaining the State had the burden of disproving this defense beyond a reasonable doubt. The instruction was from Indiana Pattern Jury Instructions (Criminal), Number 10.21, and was refused by the trial court.

■ We find first that Appellant has waived this error. Appellant's Tendered Instruction No. 8 was signed by neither Appellant nor his attorney. Such is in violation of Ind.Code § 35–37–2–2(6) which governed at the time of the trial. *See also Harding v. State* (1984), Ind., 457 N.E.2d 1098, 1101. That Appellant's attorney signed a cover sheet for all tendered instructions is insufficient to satisfy the statutory requirement. *Hopper v. State* (1985), Ind., 475 N.E.2d 20, 23; *Harding*, Ind., 457 N.E.2d at 1101. Furthermore, the substance of Appellant's Tendered Instruction No. 8 was covered in other instructions actually given. Instruction No. 4 told the jury the State was required to prove each essential element beyond a reasonable doubt. Instructions Nos. 5, 13, and 14 also explained the burden of proof and presumption of innocence. Instruction No. 7 defined "knowingly" and "intentionally." The jury was properly instructed to read all instructions together and to construe them as a whole. *See Choate v. State* (1984), Ind., 462 N.E.2d 1037, 1041. Finally, Instruction No. 15 explained that accident is a defense.

■ We have long held the giving of instructions to be within the trial court's discretion. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059. Furthermore, we have approved the refusal of instructions where the substance of the instruction was adequately covered in other instructions. *Van Orden v. State* (1984) Ind., 469 N.E.2d 1153, 1161, *reh. denied* (1984), U.S. *cert. denied* (1985), —— U.S. ——, 105 S.Ct. 2335, 85 L.Ed.2d 851. Appellant relies on our decision in *French v. State* (1980), 273 Ind. 251, 403 N.E.2d 821. *French* is distinguished from the present case however, inasmuch as the trial court in *French* refused instructions which were not duplicitous. On the contrary, in the present case, the instruction at issue was adequately covered by others. Accordingly, we find no error. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1311; *Bryan v. State* (1983), Ind., 450 N.E.2d 53, 62.

■ B. TENDERED INSTRUCTION No. 9; LESSER INCLUDED OFFENSES: Appellant also tendered an instruction concerning the lesser included offenses of voluntary manslaughter, involuntary manslaughter, recklessness, and battery. As with his Tendered Instruction No. 8, this instruction was signed by neither Appellant nor his attorney. Appellant has thus waived this issue. *Hopper*, Ind., 475 N.E.2d at 23; *Harding*, Ind., 457 N.E.2d at 1101; Ind.Code § 35–37–2–2(6) (Burns Supp.1984). In addition, Appellant's argument fails on its merits. A trial court may properly refuse an instruction where there is no evidence in support of it. *Taylor v. State* (1984), Ind., 468 N.E.2d 1378, 1382; *Beasley v. State* (1983), Ind., 445 N.E.2d 1372, 1374. In the present case, the indictment for the charge of murder tracked the language of our murder statute, Ind.Code § 35–42–1–1. At trial Appellant attempted to show that he either did not perpetrate the offense, or that the shooting was an accident. As in *Taylor* and *Beasley*, the evidence here did not support instructions regarding lesser included offenses. Appel-

lant has shown no evidence at trial to support the refused instruction, thus we find no error.

### IV

 Finally, Appellant claims the trial court erred by denying his motions for judgment on the evidence filed after the State rested and at the close of all the evidence, and further claims there was insufficient evidence before the jury to convict him. If the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for a directed verdict cannot be error. *Wilson v. State* (1983), Ind., 455 N.E.2d 1120, 1123; *Pearson v. State* (1982), Ind., 441 N.E.2d 468, 476. In order for a trial judge to grant a motion for a directed verdict there must be a total lack of evidence upon some essential issue or the evidence must be without conflict and susceptible of only one inference, that inference, of course, being innocence of the defendant. *Carter v. State* (1984), Ind., 471 N.E.2d 1111, 1114; *Deneal v. State* (1984), Ind., 468 N.E.2d 1029, 1031. Our standard of review on sufficiency questions has been repeatedly stated, that we do not reweigh the evidence nor judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction the finding of the trier of fact will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937; *Case v. State* (1984), Ind., 458 N.E.2d 223, 226. Appellant's contention that he was convicted on wholly circumstantial evidence is without merit. As the ample facts already stated in this opinion reveal, there was a great deal of circumstantial evidence in addition to much testimony that Appellant himself told many persons he did, in fact, kill the victim with a shotgun and then take his watch and money. There was, therefore, sufficient probative evidence before the jury to justify their finding that he was guilty of murder.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and SHEPARD, JJ., concur.

DICKSON, J., concurs in result.