**Robert J. PARKS, Jr., Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 50S00–8608–CR–771.

Supreme Court of Indiana.

Sept. 23, 1987.

E. Nelson Chipman, Jr., Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Robert J. Parks, Jr., was convicted by a Marshall County jury of: attempted murder, class A felony; criminal recklessness, class D felony; battery, class D felony; theft, class D felony; possession of stolen property, class D felony; resisting law enforcement, class A misdemeanor; resisting law enforcement, class D felony; driving under the influence, class A misdemeanor; and driving with a suspended license, class A misdemeanor. The trial court sentenced Parks to thirty (30) years imprisonment for attempted murder, two (2) years imprisonment for each class D felony conviction, and one (1) year imprisonment for each class A misdemeanor conviction. The trial court ordered the sentences for the felony convictions to be served consecutively and the sentences for the misdemeanor convictions to be served concurrently. In this direct appeal, Parks raises the following issues for our review:

1. insufficient evidence supporting attempted murder;

2. error in imposing consecutive sentences for the felony convictions; and

3. denial of a directed verdict on count III, battery, a class D felony.

The facts presented to the jury are as follows. Appellant Parks lived at the Salvation Army Adult Rehabilitation Center in South Bend, Indiana. On May 30, 1985,

Parks was awarded his General Equivalency Degree (G.E.D.). That night he went drinking to celebrate his accomplishment. At the tavern, Parks met and drank with Charles Czeck.

Czeck gave Parks a ride back to the Center. When Parks got out of the car, he started acting peculiarly. Czeck described his actions as "freaked out," screaming, and acting "weird." Czeck got out of the car to check on Parks and Parks jumped into the car and drove away.

During the early morning hours of May 31, 1985, Indiana State Police Trooper Mark Grose observed a white Pinto automobile weaving and crossing the center line on U.S. 31. Grose pulled the car over and found Parks in the driver's seat. Parks was given a field sobriety test which he failed.

While Grose was securing the Pinto, Parks ran to the police car, entered it and locked the doors. Parks then sped away. Grose radioed for assistance.

Parks drove the police car about ¼ of a mile before he rolled the car into a ditch. The car landed on its wheels and Parks continued to drive it through a farm field. When the car stopped, Grose gave chase on foot and approached the car from the rear.

Parks was still in the car and did not see Grose approach. Grose pulled his service revolver, placed it next to Parks' head, and ordered him to surrender. At that very instant, Parks pointed the police car shotgun at Grose's midsection. Grose was able to grab the barrel of the shotgun and push it away. Grose heard Parks say "You're dead" while Grose observed and felt Parks pull the trigger of the shotgun. The gun did not fire because the safety was on. Grose then poked Parks in the head with the service revolver and was able to startle Parks enough to grab the shotgun from him.

Grose then removed Parks from the police car. Parks was uncooperative and the two struggled. Grose was able to handcuff Parks but during the struggle, Grose cut and scraped his left hand.

I

First, Parks claims there was insufficient evidence to support his attempted murder conviction. When sufficiency of the evidence supporting a criminal conviction is challenged on appeal, this Court uses a very narrow standard of review. We neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look at the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could have reasonably inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Anderson v. State* (1984), Ind., 469 N.E.2d 1166, 1169, *cert. denied*, 469 U.S. 1226, 105 S.Ct. 1220, 84 L.Ed.2d 361; *McMillian v. State* (1983), Ind., 450 N.E.2d 996, 999.

Parks argues there was no evidence which would indicate he intended to kill Officer Grose. We have held, however, that intent to kill may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 748; *McMurry v. State* (1984), Ind., 467 N.E.2d 1202, 1204. Intent may also be inferred from the circumstances surrounding the incident in question. *Robertson v. State* (1982), Ind., 430 N.E.2d 1173, 1175; *Chambers v. State* (1979), 271 Ind. 357, 365, 392 N.E.2d 1156, 1161.

Here, Parks pointed a loaded shotgun at Officer Grose's midsection. Grose testified he saw and felt Parks pull the trigger. Grose also testified he heard Parks say, "You're dead." We find this sufficient evidence from which the jury could conclude that Parks had formed an intent to kill Grose, and that he took a substantial step toward committing the act of murder.

II

Next, Parks claims the trial court erred in ordering consecutive sentences for his felony convictions. Parks argues the trial court did not make specific findings which would justify imposing consecutive sentences. Thus, he asks us to remand to the

trial court for the purpose of ordering the sentences to be served concurrently.

■■■ The imposition of consecutive sentences is within the trial court's discretion. *Smith v. State* (1986), Ind., 491 N.E.2d 193, 197; *Lash v. State* (1982), Ind., 433 N.E.2d 764, 765–66; Ind.Code § 35–50–1–2(a) (Burns 1985). A defendant has no constitutional right to have sentences run concurrently. *Parks v. State* (1986), Ind., 489 N.E.2d 515; *Hoskins v. State* (1982), Ind., 441 N.E.2d 419. However, when the trial court orders sentences to be served consecutively, the record must disclose the factors the trial court used to justify such an order. *Powers v. State* (1982), Ind., 440 N.E.2d 1096, 1106, *cert. denied*, 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808.

■■ Here, the trial court found that consecutive sentences were warranted because not imposing them would demean the seriousness of the offense. The trial court also found that Parks was likely to repeat the offenses if not confined. Both of these factors can be used to justify ordering consecutive sentences. *See* Ind.Code § 35–38–1–7(b)(4) (Burns 1987); Ind.Code § 35–38–1–7(a)(1) (Burns 1987). Given these findings and the serious nature of the offenses Parks committed, we find the trial court did not err by ordering the felony sentences to be served consecutively.

### III

■■ Finally, Parks claims the trial court erred in denying his motion for a directed verdict on count III, battery, a class D felony. The information alleged Parks inflicted bodily injury, to-wit: scrapes, scratches, contusions and pain, on a law enforcement officer. Parks claims the State submitted absolutely no evidence to support this allegation.

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery. Ind. Code § 35–42–2–1 (Burns 1987). Battery is a class D felony if it results in bodily injury to a law enforcement officer engaged in the execution of his official duty. *Id.* Parks claims he should have been granted a directed verdict on the battery charge because the state produced no evidence that he touched Officer Grose.

To warrant granting a motion for a directed verdict, there must be a total lack of evidence upon some essential element of the crime, or the evidence must be without conflict and susceptible of only one inference, namely, the defendant's innocence. *Vincent v. State* (1986), Ind., 489 N.E.2d 49, 53; *Carter v. State* (1984), Ind., 471 N.E.2d 1111, 1114. If the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for a directed verdict cannot be error. *Vincent*, 489 N.E.2d at 53; *Wilson v. State* (1983), Ind., 455 N.E.2d 1120, 1123.

Here, Officer Grose testified that after he took the shotgun away from Parks, he grabbed Parks around the neck and started to pull him out through the car window. Grose then put Parks on the ground and proceeded to handcuff him. Parks was uncooperative during this time and the two struggled. Grose stated he received cuts and scrapes on his left hand during the struggle but he did not know what caused them. We find this sufficient evidence from which the jury could reasonably infer Parks touched Grose in a manner which resulted in bodily injury. Despite Parks' claim, there was not a total lack of evidence on the issue of touching such that the evidence was susceptible to only one inference in favor of Parks' innocence. Thus, the trial court properly denied Parks' motion for a directed verdict.

The trial court is affirmed.

GIVAN, and DICKSON, JJ., concur.

SHEPARD, C.J., concurs and dissents with separate opinion.

DeBRULER, J., concurs and dissents: I would affirm convictions but due to insufficient specificity of findings, set aside consecutive sentence order.

SHEPARD, Chief Justice, concurring in part and dissenting in part.

I cannot agree that the evidence is sufficient to support Parks' battery conviction. Police officer Grose grabbed Parks around

the neck, wrestled him to the ground and handcuffed him. While doing so, Grose suffered some cuts and scrapes on his left hand. He testified he did not know what caused them. The State cites this evidence as proof of battery.

A battery is something more than an inadvertent injury caused by a struggle during arrest. The law requires proof of an act of striking by the defendant. Mere body contact has not been regarded as sufficient. Illustrative of this rule are cases like *Pier v. State* (1983), Ind.App., 446 N.E.2d 985, in which a deputy was searching the defendant when the latter spun free and struck the officer on the temple. The Court of Appeals held the evidence sufficient to support a battery.

In support of its position in this case, the State cites *Tapp v. State* (1980), Ind.App., 406 N.E.2d 296. In *Tapp,* however, the defendant bit the arresting officer three times during a struggle. That evidence was sufficient to prove battery.

In each of those instances the evidence consisted of something more than the cuts and scrapes Grose suffered when he arrested Parks. While injury would support enhancement of the offense to a felony, the statute still requires evidence of an affirmative touching (such as the blow or the bite) to support a battery conviction.

It is this act of touching or striking which distinguishes battery, Ind.Code § 35–42–2–1, from resisting law enforcement, Ind.Code § 35–44–3–3, under which one who forcibly resists an officer and in doing so inflicts bodily injury commits a class D felony. Evidence that a police officer who initiated the contact to make an arrest came out of an ensuing struggle with an injury from an unknown source is altogether adequate to prove the offense of resisting law enforcement. To prove battery, the evidence must show that the defendant struck the officer in some way.

In short, I think Parks was simply mischarged and thus dissent from the decision to affirm the battery conviction. In all other respects, I concur in the court's decision.