Tyrus ARMSTEAD,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 82A01–8909–CR–361.

Court of Appeals of Indiana,
First District.

Feb. 7, 1990.

Russell T. Woodson, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Tyrus Armstead (Armstead), was convicted of battery, a Class D felony,[1] resisting law enforcement, a Class D felony,[2] and two counts of resisting law enforcement, a Class A misdemeanor.[3] He appeals the trial judge's jurisdiction, one misdemeanor conviction, and the resisting law enforcement felony conviction.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

On April 27, 1988, Detective Clayton Grace (Detective Grace) and Officers Phil George (Officer George) and Kent Walker (Officer Walker) of the Evansville Police Department responded to a radio dispatch report that three black males were stealing aluminum siding. Armstead and a companion, both black males, approached the offi-

1. IND.CODE 35–42–2–1(2)(A).

2. IND.CODE 35–44–3–3(b)(1).

3. IND.CODE 35–44–3–3(a)(1).

cers as they questioned Armstead's brother about the theft. Armstead's brother had just named his two accomplices when Armstead and the companion, who was one of the accomplices, appeared. Detective Grace sent Officer George to ask the men's names. Armstead backed away from Officer George, began yelling obscenities at him, and assumed a pugilistic stance. Officer George told Armstead he needed to talk to him, but Armstead remained confrontational and appeared prepared to flee.

Detective Grace and Officer Walker came up behind Officer George and Detective Grace told Armstead repeatedly that he could be arrested if he did not calm down. Armstead backed into a chain link fence and continued to yell. Detective Grace said Armstead was under arrest and ordered him to turn around to be searched for weapons. When Armstead failed to comply, Detective Grace attempted to turn him around. At that moment, Armstead hit Officer Walker in the nose, breaking it. A struggle ensued in which all three policemen were injured. The incident resulted in Armstead's arrest.

After a trial by jury, Armstead was convicted of Class D felony battery and Class D felony resisting law enforcement against Officer Walker, and of Class A misdemeanor resisting law enforcement against Detective Grace and Officer George. Armstead appeals.

## ISSUES

Armstead raises several issues for our review which we restate as follows:

I. Whether the special judge had jurisdiction over the case.

II. Whether a single affray between a suspect and more than one police officer can lead to multiple charges and convictions for resisting law enforcement.

III. Whether convictions for Class D felony resisting law enforcement and

Class D felony battery arising from a single affray amount to double jeopardy.

## DISCUSSION AND DECISION

### I.

■ Armstead first argues Judge O'Connor lacked authority to preside over the trial. Generally, causes may be transferred from the Vanderburgh Circuit Court to the Vanderburgh Superior Court under IND.CODE 33-5-43-27. While the record does not explain how Judge O'Conner acquired authority over this case, Armstead failed to object to Judge O'Conner's jurisdiction before this appeal.

A defendant's failure to object timely to a special judge's jurisdiction results in waiver of the issue. *Morrison v. State* (1989), Ind.App., 542 N.E.2d 564. Armstead's failure to object at trial is tantamount to acquiescence to Judge O'Connor's authority. Accordingly, the judge had jurisdiction.

### II.

■ Armstead next argues he cannot be held liable for more than one count of resisting law enforcement when the charges stem from a single event.[4] We agree. The offense of resisting law enforcement is codified at IND.CODE 35-44-3-3. The offenses set forth in title 35, art. 44, ch. 3 do not constitute crimes against the person. Rather, they are interferences with governmental operations constituting offenses against public administration. A person who violates IND. CODE 35-44-3-3 harms the peace and dignity of the State of Indiana and its law enforcement authority. The harm caused by one incident is the same regardless of the number of police officers resisted. It is the act of resisting duly constituted authority which the statute prohibits, not resisting individual representatives of that authority.[5]

4. Armstead argues the multiple convictions for resisting law enforcement must be reversed because there was insufficient evidence to support them and because they violate the double jeopardy provisions of the fifth amendment of the U.S. Const. and art. I, § 14 of the constitution of

the State of Indiana. Because we decide the issue on the basis of statutory intent, we reach neither of these arguments.

5. Armstead was convicted of battery, a Class D felony, under IND.CODE 35-42-2-1(2)(A), for hitting Officer Walker in the nose. This is the

The situation before us is akin to the crime of robbery.[6] A robbery of bank property harms only the bank as a single entity, regardless of the number of bank employees forced to relinquish the property. *Williams v. State* (1979), 271 Ind. 656, 669, 395 N.E.2d 239, 248, 249. Similarly, in the context of resisting law enforcement, only one entity is harmed as a result of a single incident, regardless of the number of law enforcement officers involved. Accordingly, unless more than one incident occurs, there may be only one charge. *See Brumbaugh v. State* (1986), Ind., 491 N.E.2d 983; *Roberson v. State* (1982), Ind., 430 N.E.2d 1173; *Shepler v. State* (1980), 274 Ind. 331, 412 N.E.2d 62.

Under IND.CODE 35–44–3–3 any of several acts can constitute a separate offense of resisting law enforcement. Accordingly, when more than one incident has occurred, this court and our supreme court have upheld multiple resisting law enforcement convictions. In *Pettit v. State* (1982), Ind. App., 439 N.E.2d 1175, this court upheld the defendant's two resisting law enforcement convictions when the defendant had threatened one officer with a rifle and later fled by car from several officers. More recently, our supreme court reached a similar decision. In *Parks v. State* (1987), Ind., 513 N.E.2d 170, the defendant stole a police car and later attempted to use the car's shotgun against an officer. The court upheld his convictions on two counts of resisting law enforcement, based on the separate and discrete acts of taking the car and using the shotgun.

Unlike *Parks* and *Pettit*, the case before us involves only one act; none of the discrete incidents characterizing *Parks* and *Pettit* are present. All three of Armstead's resisting law enforcement convictions stem from the single affray with the police. Accordingly, two of those convictions must be reversed.

Armstead urges us to reverse his convictions for resisting Officers George and Walker, leaving only the conviction for resisting Detective Grace because he was the officer who actually placed him under arrest. Armstead's distinction is erroneous. In *Stears v. State* (1980), Ind.App., 412 N.E.2d 81, this court held IND.CODE 35–44–3–3(a)(3) allowed a police officer to give a visual order to stop. No speech is required for a suspect to be answerable if the circumstances surrounding the incident "indicate that a reasonable person would have known he had been ordered to stop." *Id.*, at 83.

When a defendant harms a single entity as a result of a single incident, we believe he should be answerable for the greatest harm stemming from that single incident. With respect to resisting law enforcement, the felony represents the greatest harm Armstead perpetrated. Accordingly, the felony conviction is affirmed and the misdemeanor convictions are reversed.

### III.

Armstead was convicted of both battery, a Class D felony, and resisting law enforcement, a Class D felony, for hitting Officer Walker in the nose. He argues these two convictions amount to double jeopardy in violation of the fifth amendment of the U.S. Const. and art. I, § 14 of the Constitution of the State of Indiana.[7]

Armstead argues one act cannot serve as the basis for two convictions. The single act, however, is not dispositive of a double jeopardy analysis. "Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact."

---

proper charge for the State to bring against someone who has inflicted bodily injury on an individual officer. Moreover, because battery is a crime against the person, and our legislature has determined that law enforcement officers deserve special protection, battery is a more serious offense when an officer is battered while acting in his official capacity. *See e.g. Parks v. State* (1987), Ind., 513 N.E.2d 170.

**6.** IND.CODE 35–42–5–1.

**7.** While Armstead's argument on this point is obtuse and thinly constructed at best, the State's brief provides us with no guidance at all. Indeed, the State entirely ignores the double jeopardy issue.

*Christie v. State* (1989), Ind.App., 536 N.E.2d 531, 538 (citing *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306). Where the State must prove an additional fact to secure the second conviction, a single act can serve as the basis for both convictions.

In Indiana, resisting law enforcement is a Class D felony when the person committing it "inflicts bodily injury on another person." IND.CODE 35–44–3–3(b)(1). To sustain a conviction, the State must prove bodily injury to "another person." The statute does not require that person to be a law enforcement officer; its plain language contemplates injury to anyone.

Battery is a Class D felony when it results in bodily injury to a law enforcement officer.[8] To sustain a conviction, therefore, the State must prove the injured person was a law enforcement officer.

Here, while resisting the law enforcement efforts of three policemen, Armstead inflicted bodily injury on a person, Officer Walker. These facts were sufficient to sustain Armstead's Class D felony resisting law enforcement conviction. To sustain Armstead's Class D felony battery conviction, the State had to prove that Officer Walker was in fact a law enforcement officer. The jury found the State proved this fact and we will neither reweigh the evidence nor judge the credibility of witnesses on review. *Jones v. State* (1988), Ind., 518 N.E.2d 479. The State has satisfied the rule of *Blockburger* and, accordingly, Armstead has not been exposed to double jeopardy.

The conviction and sentence on the felony battery charge and the felony resisting law enforcement charge are affirmed. The convictions and sentences on the misdemeanor resisting law enforcement charges are reversed.

RATLIFF, C.J., and CONOVER, J., concur.