Kenneth R. WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–0103–CR–119.

Court of Appeals of Indiana.

Oct. 3, 2001.

---

Stanley L. Campbell, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Kenneth R. Williams appeals his convictions on two counts of Resisting Law Enforcement,[1] a class D felony and a class A misdemeanor. We restate the issue presented by Williams as whether he was improperly convicted for two separate offenses of resisting law enforcement arising out of one incident with police officers, and whether the trial court improperly imposed consecutive sentences for the two offenses.

### FACTS

The facts most favorable to the verdict reveal that on June 16, 2000, Allen County Police Officers, Harris and Roberts, were dispatched to the scene of a car accident. During the accident investigation, Williams told Officer Harris that he was the driver of one of the vehicles involved in the accident. When Officer Harris asked Williams whether he had a valid Indiana driver's license, Williams responded that he did not. Upon running a computer check, Officer Harris discovered that there was a warrant outstanding for Williams's arrest. Dispatch informed Officer Harris that Williams had a tattoo on his left upper arm. Officer Harris then asked Williams if he had any tattoos, whereupon Williams turned and fled. Officers Harris and Roberts caught up with Williams as he tried to scale a nine-foot high fence.

When Officer Harris pulled Williams down from the fence, Williams responded by kicking, hitting, and swinging at the two officers. He fought the officers for approximately fourteen minutes, during which time he bit Officer Roberts's right arm, unsnapped Officer Roberts's gun holster and attempted to remove the weapon. When Williams continued to ignore the officers' orders to stop resisting, they used pepper spray. Finally, a reserve officer arrived on the scene and the officers were able to handcuff Williams. As a result of their struggle with Williams, Officer Harris and Officer Roberts sustained numerous cuts, abrasions, and bruises.

On June 22, 2000, Williams was charged with two counts of battery and two counts of resisting law enforcement. Count III of resisting law enforcement was a class D felony, alleging forcible resistance or interference with law enforcement Officers Harris and Roberts, resulting in bodily injury. Count IV of resisting law enforcement, was a class A misdemeanor, alleging that Williams had fled from Officers Harris and Roberts.[2] After a trial by jury, Williams was convicted on both resisting counts. The jury was unable to reach a verdict on the two counts of battery.

---

1. IND.CODE § 35–44–3–3(a)(1) and (b)(1); and I.C. § 35–44–3–3(a)(3).

2. Ind.Code § 35–44–3–3(a)(3).

Williams was sentenced to three years imprisonment on Count III and one year on Count I, to be served consecutively for a total of four years imprisonment. Williams now appeals.

### DISCUSSION AND DECISION

Williams contends that he was improperly convicted for two separate offenses of resisting law enforcement. Specifically, he claims that his acts of running from the police officers and struggling with them when they apprehended him, constituted one continuous act of resistance, rather than two separate offenses.

In addressing Williams's contention, we note that a person commits the offense of resisting law enforcement when he: 1) knowingly or intentionally; 2) flees from a law enforcement officer; 3) after the officer has, by visible or audible means, identified himself and ordered the person to stop. I.C. § 35–44–3–3(a)(3). A person also commits the offense of resisting law enforcement when he: 1) knowingly or intentionally; 2) forcibly resists, obstructs, or interferes with a law enforcement officer; 3) while the officer is lawfully engaged in the execution of his duties as an officer. I.C. § 35–44–3–3(a)(1). The offense is a class A misdemeanor, but becomes a D felony if, while committing it, the person "inflicts bodily injury on another person." I.C. § 35–44–3–3(b)(1).

Williams relies upon *Armstead v. State*, 549 N.E.2d 400, 401–02 (Ind.Ct.App.1990), and *Touchstone v. State*, 618 N.E.2d 48, 49 (Ind.Ct.App.1993), to support his argument that he cannot be convicted for two offenses of resisting law enforcement arising out of one incident. In *Armstead*, the defendant engaged in a struggle with three police officers, during which he broke the nose of one of the officers, Officer Walker. 549 N.E.2d at 401. Armstead was subsequently convicted of class D felony resist-

ing law enforcement for resisting and causing bodily injury to Officer Walker, and two class A misdemeanors for resisting the other two officers. *Id.* This court reversed Armstead's conviction on the misdemeanor counts, as the three charges arose out of a single incident of forcibly resisting the officers. *Id.* at 402. We noted that there could only be one charge of resisting law enforcement because the statute prohibits "the act of resisting duly constituted authority, ... not resisting individual representatives of that authority." *Id.* at 401. However, we also observed that each of the several acts under I.C. § 35–44–3–3 constitutes a separate offense of resisting law enforcement. *Id.* Thus, if the defendant had committed more than one of the several acts enumerated under I.C. § 35–44–3–3, he could have been convicted of multiple counts of resisting law enforcement. *Id.* By way of example, we cited *Pettit v. State*, 439 N.E.2d 1175, 1178–79 (Ind.Ct.App.1982), in which our supreme court upheld the defendant's two convictions for resisting law enforcement where he threatened a police officer with a rifle in a parking lot and then fled from that parking lot. Petit's convictions were based upon two separate and distinct offenses under I.C. § 35–44–3–3—resisting with a deadly weapon and fleeing—not upon the number of officers resisted. *Id.*

In *Touchstone v. State*, 618 N.E.2d 48, 49 (Ind.Ct.App.1993), the defendant fought with three police officers as they tried to arrest him. He was subsequently convicted of three counts of resisting law enforcement, with one count charged for each of the three police officers. *Id.* Citing *Armstead*, this court held that there could only be one charge of resisting law enforcement as struggling with the three officers constituted a single offense of resistance against lawful authority. *Id.*

Williams's reliance upon *Armstead* and *Touchstone* is misplaced, inasmuch as the two charges against him were not based upon the number of officers resisted. Rather, Williams was charged based upon two separate and distinct acts of resistance. A defendant may be convicted of multiple counts of resisting law enforcement when he has committed more than one of the acts enumerated under I.C. § 35–44–3–3. *See Echols v. State,* 722 N.E.2d 805, 807 (holding that there was sufficient evidence to convict defendant for two counts of resisting law enforcement where he "led the police on a chase, and also attempted to flee from the car once it had come to a stop."); *Armstead,* 549 N.E.2d at 401. The *FACTS* reveal that Williams knowingly and intentionally fled from Officers Harris and Roberts after being commanded to stop, in violation of I.C. § 35–44–3–3(a)(3). He also forcibly resisted those officers when they caught up with him, and inflicted bodily injury upon them, in violation of I.C. § 35–44–3–3(a)(1) and (b)(1). Thus, he perpetrated two separate offenses of resisting law enforcement, and the trial court properly entered convictions for both counts. *See id.*

Furthermore, the consecutive sentencing statute, IND.CODE § 35–50–1–2, does not support Williams's claim that the trial court erred in ordering that his sentences be served consecutively for a total of four years imprisonment. Specifically, the consecutive sentencing statute provides:

> [T]he total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under I.C. 35–50–2–8 and I.C. 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

I.C. § 35–50–1–2. Williams was sentenced to three years of incarceration for his class D felony conviction, and one year for his class A misdemeanor conviction. The presumptive sentence for the next highest class of felony, a class C, is four years, the same as Williams's total sentence. *See* I.C. § 35–50–2–6. Therefore, his sentence did not exceed the statutory limit. Furthermore, Williams was sentenced for a felony and a misdemeanor, and the consecutive sentencing statute refers only to sentences for "felony convictions."[3] I.C. § 35–50–1–2. Thus, the trial court properly entered convictions for both counts of resisting law enforcement and imposed consecutive sentences for those offenses.

Judgment affirmed.

MATTINGLY–MAY, J., and BARNES, J., concur.

---

**3.** We reserve for another day whether a trial court could stack misdemeanor offenses to defeat the policy enunciated in the consecutive sentencing statute.