## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2016, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick J. Smith
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Omega R. McCullagh,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 7, 2016

Court of Appeals Case No.
59A01-1604-CR-735

Appeal from the Orange Circuit Court

The Honorable Larry R. Blanton, Judge

Trial Court Cause No.
59C01-1512-F5-813

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Omega McCullagh was convicted of battery against a public safety official, a Level 5 felony; intimidation, a Level 6 felony; and three counts of resisting law enforcement, one as a Level 6 felony and two as Class A misdemeanors. McCullagh now appeals, raising several issues for our review, which we restate as: (1) whether the trial court abused its discretion in denying his motion to discharge appointed counsel and counsel's subsequent motion to withdraw; (2) whether his battery and resisting law enforcement convictions violate the prohibition against double jeopardy; (3) whether his three convictions of resisting law enforcement violate the continuing crime doctrine; and (4) whether there was sufficient evidence to support his conviction of intimidation. Concluding the trial court did not abuse its discretion in denying McCullagh's or his appointed counsel's motions, that his convictions of both battery and resisting law enforcement do not violate the prohibition against double jeopardy, and that there is sufficient evidence to support his conviction of intimidation, we affirm in part. However, because we conclude his multiple convictions of resisting law enforcement violate the continuing crime doctrine, we reverse in part and remand with instructions for the trial court to vacate McCullagh's Class A misdemeanor convictions of resisting law enforcement.

# Facts and Procedural History

[2] Around 9:00 a.m. on December 14, 2014, Crawford County Sheriff's Deputy Debra Young responded to a report of a car accident. When she arrived at the

scene, she observed a vehicle that had been driven over the embankment and crashed into a tree. The driver, later identified as McCullagh, was still in the driver's seat with the car running. Deputy Young saw McCullagh exit the vehicle and walk up the embankment. She observed McCullagh walk unsteadily and smelled the odor of alcohol. The only injury sustained by McCullagh was a cut on his face, which was bleeding. After McCullagh refused field sobriety testing, Deputy Young placed him under arrest for operating a vehicle while intoxicated and transported him to the Crawford County Jail. On the way to the jail, McCullagh became verbally abusive and began making threats to Deputy Young. He told her "he was going to get to know [her] family real well," and that he was a "very good investigator." Transcript at 148. He also tried to remove his restraints. By the time Deputy Young arrived at the jail, McCullagh "had the seat belt off and had the cuffs locked underneath the backs of this [sic] thighs and couldn't straighten up." *Id.*

[3]     At the jail, the Sheriff instructed Deputy Young to have McCullagh medically cleared before he was processed and held by the jail. Deputy Young then transported McCullagh to Indiana University Health Hospital in Paoli, Indiana. McCullagh continued to be verbally abusive for the duration of the transport, forcing Deputy Young to take the precautionary measure of requesting that the Paoli Police Department provide two officers to assist her at the hospital. When Deputy Young arrived at the hospital, she was assisted by Paoli police officers Cody Hill and Brandon Mesarosh.

[4]    At the hospital, McCullagh continued to yell and verbally abuse the officers. For almost thirty minutes, McCullagh continuously and disruptively asserted his constitutional rights were being violated, the deputies had no right to be in his hospital room under federal law, and demanded a federal marshal be present in his room. He also became argumentative and refused to allow the nurses to provide medical treatment, forcing the doctor to give him an ultimatum: let the nurses treat the injury, or be sedated. Ultimately, the doctor decided the only way they could treat McCullagh's injury was if he was sedated. In order to sedate him, the nurse needed to administer a shot, requiring the officers to restrain McCullagh. Officer Mesarosh and Deputy Young each grabbed one of McCullagh's arms, while Officer Hill restrained his legs. McCullagh screamed, yelled, and twisted his body in an attempt to fight off the officers. He continuously struggled to "[sit] up when [Officer Mesarosh] was trying to hold him down," *id.* at 184, and at one point he was able to sit up and "punched [Officer Hill] with a closed fist in [his] arm," *id.* at 194. McCullagh also used his legs to struggle with Officer Hill and "kicked [Officer Hill] in the groin several times." *Id.* at 191. While McCullagh was struggling, his leg shackles became wrapped around Officer Hill's arm and caused several scratches and "peeled the skin off a little bit." *Id.* at 192. After the nurse administered the shot, McCullagh once again began to verbally abuse the officers, telling Officer Mesarosh he would "get[] to know his family and his kids," *id.* at 156, 181, and "your house will be foreclosed, you are going to be without a job, you will be working at McDonalds," *id.* at 122-23. Eventually, the medication sedated McCullagh and the nurses were able to treat his injury.

[5] The State charged McCullagh with Count I, battery against a public safety officer, a Level 5 felony; Count II, resisting law enforcement, a Level 6 felony; Count III and Count IV, resisting law enforcement, Class A misdemeanors; and Counts V, VI, and VII, intimidation, Level 6 felonies. The trial court found McCullagh to be indigent and appointed a public defender to represent him, with his jury trial initially scheduled for May 19, 2015. McCullagh's initial public defender declined the appointment on January 7, 2015, and on January 16, 2015, the trial court appointed McCullagh two alternative public defenders. McCullagh's new counsel moved for a continuance on April 30, 2015, which the trial court granted. The new trial date was scheduled for September 22, 2015. On September 22, 2015, for reasons not entirely clear from the record, the parties' briefs, or the Chronological Case Summary, the trial was not held. McCullagh's counsel moved for another continuance on October 6, 2015, extending the trial date to January 26, 2016.

[6] On the morning of trial, McCullagh asked the trial court to dismiss his public defenders on the grounds of improper representation. The trial court denied his motion to dismiss his public defenders and the case proceeded to trial. A jury found McCullagh guilty of Counts I, II, III, IV, and VI and the trial court entered judgment of conviction on those counts. Prior to sentencing, McCullagh's counsel filed a motion to withdraw, which the trial court did not grant until the sentencing hearing was complete. The trial court sentenced McCullagh to five years executed on Count I, battery against a public safety official; one year executed on Count II, resisting law enforcement; one year

executed on Count III, resisting law enforcement; one year executed on Count IV, resisting law enforcement; and one year executed on Count VI, intimidation. The trial court ordered Counts I, II, III, and VI to be served concurrently; and ordered Count IV to be served consecutively to Counts I, II, III, and VI. The aggregate sentence imposed was six years executed. McCullagh now appeals.

# Discussion and Decision

## I. Right to Counsel

### A. Motion to Discharge Appointed Counsel

[7] The Sixth Amendment guarantees a criminal defendant's right to have the assistance of counsel for his defense. *Lewis v. State*, 730 N.E.2d 686, 688 (Ind. 2000). However, the right to counsel in a criminal proceeding does not mean the defendant has an absolute right to be represented by counsel of his own choosing. *Smith v. State*, 474 N.E.2d 973, 97-9 (Ind. 1985). "A trial court may, in the exercise of its sound discretion, deny a defendant's request for a new court appointed attorney." *McBride v. State*, 992 N.E.2d 912, 917 (Ind. Ct. App. 2013), *trans. denied*. Such a ruling is reviewable only for an abuse of discretion. *Id.* A defendant may not arbitrarily compel a trial court to discharge competent appointed counsel. *Luck v. State*, 466 N.E.2d 450, 451 (Ind. 1984).

[8] McCullagh first argues the trial court abused its discretion in denying his motion to discharge counsel. Specifically, he contends his request for new

counsel was not arbitrary, but based on valid complaints regarding his counsel's deficiencies. We disagree.

[9] On the morning of trial, the trial court gave McCullagh the opportunity to voice his grievances about his appointed counsel. McCullagh raised several complaints, asserting his counsel did not notify him of the vacated trial date or obtain his consent to a continuance.[1] Further, he asserted, "I have asked her to go for dismissals and to look into constitutional rights violations which she has failed to do." Tr. at 33. We note other than making bald assertions of constitutional rights violations, McCullagh does not specify what constitutional violations were present that his counsel failed to investigate. After hearing McCullagh's complaints, the trial court informed McCullagh, "you have an attorney, you have two attorneys who are present. They are competent attorneys. Just because you don't agree with strategy is of no import. . . . [Y]ou have had over a year to petition the Court or to employ an attorney. You did neither." *Id.* at 38-39. Under the circumstances and based on the record, we cannot say the trial court's refusal to appoint new attorneys was an abuse of discretion. The trial court considered McCullagh's complaints about his appointed counsel and found them to be without merit. Moreover, it is well

---

[1] As noted above, the record is unclear why the trial date was extended. McCullagh's October 6, 2015 motion for a continuance asserts "[d]iscovery for this case is still ongoing," Appellant's Appendix at 176; however, the trial court indicated the trial date may have been vacated due to the trial judge's unavailability, tr. at 32-33. Regardless, the grant or denial of a continuance is reviewed for an abuse of discretion, *Davis v. State*, 487 N.E.2d 817, 820 (Ind. 1986), and McCullagh does not argue the trial court abused its discretion in granting the October 6, 2015 continuance.

within a trial court's discretion to deny a last-minute request for new counsel or to proceed pro se. *See Lewis*, 730 N.E.2d at 689-90; *Smith*, 474 N.E.2d at 979.

## B. Motion to Withdraw

[10] McCullagh also contends the trial court abused its discretion in effectively denying his appointed counsel's motion to withdraw before sentencing. The decision whether to allow counsel to withdraw is within the trial court's discretion, and we will reverse only "when denial constitutes a clear abuse of discretion and prejudices the defendant's right to a fair trial." *Strong v. State*, 633 N.E.2d 296, 300 (Ind. Ct. App. 1994). A trial court may refuse a motion to withdraw if it determines withdrawal will result in a delay in the administration of justice. *Moore v. State*, 557 N.E.2d 665, 668 (Ind. 1990). Further, a defendant must demonstrate that he was prejudiced before we may reverse on this issue. *Bronaugh v. State*, 942 N.E.2d 826, 830 (Ind. Ct. App. 2011), *trans. denied*.

[11] Indiana Code section 35-36-8-2(b) provides that a trial court shall allow counsel for the defendant to withdraw from the case if there is a showing that:

> (1) counsel for the defendant has a conflict of interest in continued representation of the defendant;

> (2) other counsel has been retained or assigned to defend the case, substitution of new counsel would not cause any delay in the proceedings, and the defendant consents to or requests substitution of the new counsel;

(3) the attorney-client relationship has deteriorated to a point such that counsel cannot render effective assistance to the defendant;

(4) the defendant insists upon self representation and the defendant understands that the withdrawal of counsel will not be permitted to delay the proceedings; or

(5) there is a manifest necessity requiring that counsel withdraw from the case.

[12] McCullagh's counsel filed their motion to withdraw on February 24, 2016, around one month after his trial and two weeks before his sentencing hearing. The motion alleged a "complete breakdown in the attorney client relationship" and a significant inability to communicate with McCullagh. Appellant's App. at 22. The trial court refused to hear or grant the motion until after sentencing was complete. Nonetheless, McCullagh has failed to demonstrate how he was prejudiced at sentencing by counsel's continued representation. McCullagh does not argue the relationship deteriorated to a point at which his counsel could not render effective assistance. *See* Ind. Code § 35-36-8-2(b)(3). In fact, his counsel continued with the hearing and argued in his favor, requesting the trial court sentence him to the minimum statutory sentences and suspend them to probation. Moreover, McCullagh points to no errors committed by counsel at the sentencing hearing, and he does not allege how granting the motion would have affected the sentencing outcome in his favor.

[13] We further note when McCullagh's appointed counsel filed their motion to withdraw, the case had been pending on the trial court's docket for almost fourteen months, and only the sentencing hearing remained. Permitting counsel to withdraw their appearance at such a late stage would further delay the administration of justice, and the trial court was within its discretion to refuse to rule on it. S*ee Schmid v. State*, 804 N.E.2d 174, 178 (Ind. Ct. App. 2004) (finding that the defendant failed to exercise her right to counsel of choice at the appropriate stage of the proceeding and noting that it is generally neither appropriate nor advisable to hire new counsel for a case that has been pending for seventeen months), *trans. denied*.

[14] Accordingly, we cannot say that the trial court abused its discretion in effectively denying the motion to withdraw filed by McCullagh's appointed counsel. *See Bronaugh*, 942 N.E.2d at 829-30 (holding the trial court did not abuse its discretion in denying the motion to withdraw filed by defendant's counsel).

## II. Double Jeopardy

[15] McCullagh next argues his convictions on Count I, battery against a public safety officer, and Count II, resisting law enforcement, violate the state constitutional prohibition against double jeopardy. Specifically, he argues because both charges stem from "one continuous incident" in the hospital room, there is a "reasonable possibility that the jury used the same facts to

establish the essential elements of both battery and resisting." Brief of Appellant at 31.

[16] Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Cross v. State*, 15 N.E.3d 569, 571 (Ind. 2014) (alteration and emphasis in original) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). We review double jeopardy claims de novo. *Strong v. State*, 29 N.E.3d 760, 766 (Ind. Ct. App. 2015).

[17] McCullagh contends his convictions of battery against a public safety official and resisting law enforcement as a Level 6 felony violate double jeopardy and he confines his argument to the actual evidence test. Under the actual evidence test, we examine the actual evidence presented at trial to determine whether each challenged offense was established by separate and distinct facts. *Curry v. State*, 740 N.E.2d 162, 166 (Ind. Ct. App. 2000), *trans. denied*. To prove a violation of the actual evidence test, a defendant must show "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Smith v. State*, 872 N.E.2d

169, 176 (Ind. Ct. App. 2007) (quoting *Richardson*, 717 N.E.2d at 53), *trans. denied*. In determining whether there is a reasonable possibility the jury used the same evidentiary facts in convicting a defendant of two separate crimes, we require substantially more than a logical possibility. *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). Double jeopardy is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense. *Smith*, 872 N.E.2d at 176 (quoting *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002)).

[18] Here, the offense of battery requires proof that McCullagh knowingly or intentionally touched another person in a "rude, insolent, or angry manner." Ind. Code § 35-42-2-1(b)(1) (2014). The touching is a Level 5 felony if it results in bodily injury to a public safety official. Ind. Code § 35-42-2-1(f)(5)(A) (2014). The evidence at trial showed that McCullagh kicked Officer Hill in the groin multiple times, causing him pain. This evidence, as argued by the prosecutor in closing arguments, supported his battery conviction.

[19] The offense of resisting law enforcement requires proof that McCullagh knowingly or intentionally "forcibly resist[ed], obstruct[ed], or interfere[d] with a law enforcement officer or a person assisting the officer while the officer [was] lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1). The offense is a Level 6 felony if it causes bodily injury to another person. Ind. Code § 35-44.1-3-1(b)(1)(B). In addition to being kicked in the groin, the State produced uncontroverted evidence McCullagh punched Officer Hill's arm and used his leg shackles to scratch Officer Hill while he was lawfully

engaged in the execution of his duties, causing bodily injury to Officer Hill. This evidence is sufficient to support his conviction of resisting law enforcement. While it is theoretically possible the jury used the same fact (kicking Officer Hill in the groin) to support the bodily injury element of each charge, we do not think McCullagh has met his burden of demonstrating "substantially more than a logical possibility." *Lee*, 892 N.E.2d at 1236. Further, the fact the crimes occurred simultaneously is not dispositive in the *Richardson* actual evidence analysis. *Hardley v. State*, 893 N.E.2d 1140, 1145 (Ind. Ct. App. 2008), *summarily aff'd on this ground*, 905 N.E.2d 399, 404 (Ind. 2009). The only question is whether there is a reasonable possibility the fact-finder relied on the same evidentiary facts to support the two convictions, and we conclude here there is not. Therefore, McCullagh's convictions of battery and resisting law enforcement do not violate double jeopardy.

## III. Continuing Crime Doctrine

[20] McCullagh next challenges his three convictions of resisting law enforcement. Specifically, he contends his convictions violate the continuing crime doctrine, which prohibits multiple charges for the same crime where the "defendant's conduct amounts only to a single chargeable crime." *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015) (citation omitted).

[21] McCullagh points to *Armstead v. State*, 549 N.E.2d 400 (Ind. Ct. App. 1990), in which this court observed a defendant cannot be held liable for more than one count of resisting law enforcement, regardless of the number of officers

involved, if the charges stem from a single event. As the *Armstead* court observed, resisting law enforcement is a crime against the State of Indiana and law enforcement authority, rather than any particular person. 549 N.E.2d at 401. "It is the act of resisting duly constituted authority which the statute prohibits, not resisting individual representatives of that authority." *Id.*

[22] In *Armstead*, the defendant, who had approached officers who were questioning his brother, retreated from an officer, shouted obscenities at him, and assumed a threatening stance. When the officer indicated he needed to speak to the defendant, the defendant appeared confrontational and prepared to flee. A second officer informed the defendant he would be placed under arrest if he did not calm down, causing the defendant to back into a chain link fence and continue to yell. This second officer told the defendant he was under arrest and ordered him to turn around, which the defendant refused to do, so the second officer tried to turn him around. At this point the defendant punched a third officer in the face, causing a struggle with all three officers. The defendant was convicted of Class D felony resisting law enforcement with respect to the third officer and Class A misdemeanor resisting law enforcement with respect to the first and second officers. This court reversed the defendant's misdemeanor convictions, concluding the defendant had received three convictions based upon a "single affray with the police." *Id.* at 402.

[23] In response, the State directs us to *Williams v. State*, 755 N.E.2d 1183, 1186 (Ind. Ct. App. 2001).[2] In *Williams*, we held that "[a] defendant may be convicted of multiple counts of resisting law enforcement when he has committed more than one of the acts enumerated under [the resisting law enforcement statute]." *Id.* Therefore, we upheld the defendant's two convictions of resisting law enforcement—one of which involved the defendant's act of fleeing from officers and the other of which involved the defendant's infliction of bodily injury upon the officers when they caught him. *Id.*; *cf. Lewis v. State*, 43 N.E.3d 689, 691 (Ind. Ct. App. 2015) (recognizing the act of fleeing by vehicle and then by foot constitute one continuous act of resisting law enforcement).

[24] McCullagh argues that, like in *Armstead*, he had a "single affray" with the police. The State responds by asserting McCullagh's struggle with the police in the hospital and his act of attempting to remove his restraints in the police vehicle constitute separate incidents of resisting arrest. We disagree that McCullagh's attempts to remove his restraints constitute "forcible resistance."[3] *See Macy v. State*, 9 N.E.3d 249, 254 (Ind. Ct. App. 2014) (holding defendant's

---

[2] The State also points to *Whaley v. State*, 843 N.E.2d 1, 14 (Ind. Ct. App. 2006), *trans. denied*. However, this court decided *Whaley* on double jeopardy grounds, and therefore it is not relevant to the continuing crime issue raised by McCullagh. *See Hines v. State*, 30 N.E.3d at 1219.

[3] As noted above, the State alleged three separate counts of resisting law enforcement, one felony count and two misdemeanor counts. To prove McCullagh violated the statute, the State had to prove he knowingly or intentionally "*forcibly resist[ed]*, obstruct[ed], or interfere[d] with a law enforcement officer . . ." Ind. Code § 35-44.1-3-1(a)(1) (emphasis added).

actions of opening the door of the police car and refusing to place her feet inside the vehicle did not constitute acts of forcible resistance, as required to support conviction of resisting law enforcement). Further, there is no allegation by the State that McCullagh committed separate enumerated acts under the statute, and neither Deputy Young nor Officer Mesarosh testified they were injured by McCullagh's conduct.

[25] The instant case is substantially similar to *Armstead*. In the hospital room, three officers lawfully attempted to restrain McCullagh so the nurse could administer medication. In response, McCullagh yelled, twisted his body, pulled away, kicked his feet, and attempted to sit up. This was a single incident and, as such, McCullagh's three convictions of resisting law enforcement cannot stand. Based on *Armstead*, McCullagh should be "answerable for the greatest harm stemming from that single incident." 549 N.E.2d at 402. With respect to the three resisting law enforcement convictions, the felony represents the greatest harm McCullagh committed. Accordingly, we reverse McCullagh's two misdemeanor convictions for resisting law enforcement.

## IV. Sufficiency of the Evidence

[26] Finally, McCullagh asserts the evidence is insufficient to support his conviction of intimidation. In reviewing sufficiency of the evidence claims, this court does not reweigh evidence or judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such

evidence." *Id.* (citation omitted). This court will affirm if there is substantial evidence of probative value such that a reasonable jury could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[27] To convict McCullagh of intimidation, the State had to prove beyond a reasonable doubt he communicated a threat to another person, with the intent that the other person be placed in fear of retaliation for a prior lawful act. Ind. Code § 35-45-2-1(a)(2). Intimidation is a Level 6 felony if the person to whom the threat is communicated is a law enforcement officer. Ind. Code § 35-45-2-1(b)(1)(B)(i). McCullagh argues the words he communicated to Officer Mesarosh that he would "get[] to know his family and his kids" do not constitute a threat, tr. at 156; rather, he contends the statement asserted he would "vigorously pursue lawful remedies against Mesarosh for unlawful detention or violation of rights," Br. of Appellant at 36. "Threat" is defined, in pertinent part, as "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened or another person, or damage property." Ind. Code § 35-45-2-1(d)(1).

[28] In *Townsend v. State*, 753 N.E.2d 88 (Ind. Ct. App. 2001), *abrogated on other grounds by Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007), the defendant, after being arrested by a police officer, told the officer he would "get" the officer and his family "[n]o matter how long it takes me, I will get you." *Id.* at 90. This court held that the jury could have reasonably concluded that by those words, the defendant communicated a threat to the officer. *Id.* at 91.

[29]  In *Earlywine v. State*, 847 N.E.2d 1011 (Ind. Ct. App. 2006), the defendant communicated to people inside a home that they would "get it" if they stood between him and his wife. *Id.* at 1012. This court affirmed the intimidation conviction, holding there was sufficient evidence the defendant communicated a threat. This court stated that "threats of potential, nonspecific violence" can support the threat element of intimidation. *Id.* at 1014-15.

[30]  We find McCullagh's communications with Officer Mesarosh in this case to be similar to the communications found to constitute threats in *Townsend* and *Earlywine*. Given the surrounding circumstances and the context of McCullagh's communication, the jury could reasonably infer by his statement he would "get[] to know [Officer Mesarosh's] family and his kids," that McCullagh was threatening physical harm to the officer's family. Tr. at 156. Therefore, there was sufficient evidence to support McCullagh's conviction of intimidation.

# Conclusion

[31]  The trial court did not abuse its discretion in denying McCullagh's or his appointed counsel's motions regarding counsel's continued representation. Further, McCullagh's convictions of battery and resisting law enforcement do not violate double jeopardy, and there is sufficient evidence to support his conviction of intimidation. However, McCullagh's multiple convictions of resisting law enforcement violate the continuing crime doctrine. We therefore affirm in part, reverse in part, and remand with instructions for the trial court to

vacate McCullagh's Class A misdemeanor convictions of resisting law enforcement.

[32] Affirmed in part, reversed in part, and remanded.

Mathias, J., and Brown, J., concur.