**Ronnie JOHNSON, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0110–CR–650.

Court of Appeals of Indiana.

Sept. 16, 2002.

---

Richard Walker, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge. .

Ronnie Johnson, Jr. appeals the trial court's denial of his motion to dismiss a charge of resisting law enforcement. He raises two issues for our review:

1.) whether his conviction of two similar crimes in separate counties violates the double jeopardy clause of Indiana's state constitution; and

2.) whether his conviction of two similar crimes in separate counties violates Indiana's successive prosecution statute.

Affirmed.

---

**1.** Ind.Code § 9–30–5–2, a Class A misdemeanor.

**2.** Ind.Code § 35–44–3–3, a Class D felony.

## FACTS AND PROCEDURAL HISTORY.

During the early morning hours of November 15, 1999, Lapel Police Officer Leeann Byrne observed Johnson driving a silver vehicle in an erratic manner. Officer Byrne tried to stop the vehicle with the use of her lights and siren near the intersection of State Road 13 and State Road 32 in Madison County. The vehicle initially stopped, but Johnson drove off into adjacent Hamilton County. Officer Byrne pursued Johnson on Highway 32 into Hamilton County at speeds reaching 80 miles per hour. She was able to get the license plate number of the vehicle and determined that the vehicle was registered to Johnson. Officer Byrne stopped her pursuit in Hamilton County at 3:20 a.m. due to foggy conditions. She advised dispatch of the description of the fleeing vehicle, including its license plate number, and requested an all points bulletin.

Officer Aaron Von Housman, of the Noblesville Police Department, heard Byrne's dispatch. He saw Johnson's car within five to ten minutes after he received the radio dispatch and attempted to stop Johnson. However, Johnson refused to stop and continued driving the vehicle. Eventually, Officer Von Housman stopped Johnson's vehicle and arrested him.

Johnson was charged and convicted in Hamilton County of operating a vehicle while intoxicated[1] and resisting law enforcement.[2] On December 15, 1999, Johnson was charged in Madison County with driving while suspended[3] and resisting law enforcement. On September 13, 2000, Johnson moved to dismiss the Madison County charges, alleging that the charges constituted double jeopardy. The trial

---

**3.** Ind.Code § 9–24–18–5, a Class A misdemeanor.

court conducted a hearing on Johnson's motion on November 30, 2000.

On February 15, 2001, the trial court denied Johnson's motion to dismiss, stating:

> The court, having had this matter under advisement, finds that the 'chase' of defendant in two different counties was sufficiently separated by time and distance as to constitute two different offenses. Pursuit by Madison County officers ended, and some 'hours' later an arrest was made in Hamilton County. Count II has therefore not been previously adjudicated.

(Appellant's App. at 15.)

## DISCUSSION AND DECISION

### 1. *Double Jeopardy*

■ Johnson argues that his prosecution in Madison County on charges of resisting law enforcement would violate Indiana's double jeopardy clause because he had already been prosecuted for that crime in Hamilton County. We review a trial court's denial of a motion to dismiss for an abuse of discretion. *Ingram v. State*, 760 N.E.2d 615, 618 (Ind.Ct.App. 2001), *trans. denied.* In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

■ Article 1, Section 14 of the Indiana Constitution states, in relevant part, that "[n]o person shall be put in jeopardy twice for the same offense." Indiana's double jeopardy clause was intended to prevent the state from being able to proceed against a person twice for the same criminal transgression. *Ledo v. State*, 741 N.E.2d 1235, 1238 (Ind.2001). Constitutional prohibitions against double jeopardy protect against: 1) reprosecution for an offense after a defendant has already been convicted of the same offense in a previous prosecution; 2) reprosecution of a defendant after an acquittal; 3) multiple punishments for the same offense in a single trial; 4) reprosecution of a defendant after the conviction has been reversed for lack of sufficient evidence; 5) criminal reprosecution of a defendant in limited circumstances following a previous civil prosecution; and 6) reprosecution of a defendant in limited circumstances after a mistrial has been declared. *Richardson v. State*, 717 N.E.2d 32, 37 n. 3 (Ind.1999).

■ Johnson contends that his resistance to Officer Von Housman in Hamilton County and his resistance to Officer Byrne in Madison County constituted "one continuous event." (Appellant's Br. at 8.) In *Armstead v. State*, we held that a defendant could not be held liable for more than one count of resisting law enforcement when those charges stemmed from a single incident, regardless of the number of police officers resisted. 549 N.E.2d 400, 402 (Ind.Ct.App.1990). We explicitly stated "unless more than one incident occurs, there may be only one charge." *Id.*

In *Idle v. State*, we held that two confinement convictions violated Indiana's double jeopardy clause. 587 N.E.2d 712 (Ind.Ct.App.1992). We reasoned that one continuous confinement could result in only one confinement conviction, even though the defendant had engaged in two different acts. *Id.* at 718. However, we did not foreclose the possibility that a single incident of confinement could result in two separate convictions. The determinative factor is whether the confinement could be divided into two separate parts. *Id.* In *Idle*, the victim was confined at gunpoint and forced to move to a bedroom, where she was sexually assaulted. We noted:

> [a]t no time did [the victim] escape from Idle's detention, although his attention was briefly diverted. It cannot be said that there were two distinct periods of

confinement. Therefore, [she] was the victim of only one continuous episode of confinement, and Idle may not be convicted twice for that single offense.

*Id.*

Unlike Idle's, Johnson's actions in this case can be divided into two very distinct parts: his resistance to Officer Byrne in Madison County and his subsequent resistance to Officer Von Housman in Hamilton County. At trial, Johnson testified that he saw Officer Byrne break off her chase. Johnson stated that he drove around for two and a half to three hours before heading home. He testified there were no police cars behind him and that he was not under pursuit at all times. When Officer Von Housman attempted to stop Johnson and Johnson resisted, that conduct constituted a separate offense from his resistance of Officer Byrne. The trial court properly found that Johnson's actions in resisting Officer Byrne and Officer Von Housman were sufficiently separated by time and distance as to constitute two distinct, separate offenses. Johnson will not be subjected to double jeopardy by prosecution of the resisting law enforcement charge in Madison County.

2. *Successive Prosecution*

■ Johnson also argues that his prosecution in Madison County violates Indiana's successive prosecution statute, which provides, in relevant part:

A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination . . .

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Ind.Code § 35–41–4–4.

In this case, the offenses that serve as the basis for the Madison County charges should not, and could not, have been charged in the Hamilton County prosecution. Criminal actions must be tried in the county where the offense was committed. *Navaretta v. State*, 726 N.E.2d 787, 789 (Ind.2000); *see also* Ind.Code § 35–32–2–1. Thus, Hamilton County had no jurisdiction over crimes occurring in Madison County. The trial court did not err in denying Johnson's motion to dismiss.

Affirmed.

RILEY, J., and ROBB, J., concur.