**Antoine SANDERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0901–CR–31.**

Court of Appeals of Indiana.

Sept. 15, 2009.

Publication Ordered Sept. 23, 2009.

Transfer Denied Nov. 12, 2009.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Antoine Sanders appeals dual convictions of resisting arrest, Class D felonies. We affirm.

### ISSUES

Two issues have been raised for our consideration, which we restate as:

I.    Whether Sanders waived the issue because he failed to file a motion to dismiss below.

II.    Whether Sanders' two convictions for resisting law enforcement are barred by the continuing crime doctrine.

### FACTS AND PROCEDURAL HISTORY

On April 6, 2008, Sanders attacked his girlfriend and took her 1997 Pontiac Bonneville. The Bonneville was subsequently reported as stolen.

While on patrol on the Southwest side of Indianapolis, Officer Shawn Cook heard the dispatch regarding the Bonneville and saw it traveling westbound on St. Clair Street near Concord. Officer Cook followed the vehicle as it crossed several streets, and he activated his cruiser's emergency lights and siren near 12th and Sharon Streets after witnessing Sanders drive the Bonneville at excessive speeds, run through stop signs, and switch lanes without signaling. At the 2200 block of North Sharon Street, Officer Cook lost sight of the Bonneville when it crossed a ditch and entered a church parking lot. Officer Cook then ended his pursuit because he was concerned that his cruiser would be damaged if he crossed the ditch.

Approximately two minutes later, Officer Jeremy Somerville, who had heard a dispatch regarding a high speed chase involving a Bonneville, observed the vehicle drive by his cruiser at 29th and Harding Streets. Officer Somerville observed that the Bonneville was being driven at an excessive speed, so he activated his emergency lights and siren and began following the

vehicle. During the chase, the Bonneville was clocked at nearly ninety miles per hour; and Sanders eventually drove the Bonneville westbound to the one-way Capitol Avenue, where he drove the wrong way. Officer Somerville chased Sanders for nearly eleven miles as Sanders ran stoplights and swerved to avoid colliding with other motorists. Sanders avoided striking stop sticks placed in the roadway by officers, but he eventually flattened a tire when he struck a concrete barrier. Shortly thereafter, Sanders stopped the vehicle and surrendered.

Sanders was arrested and was found guilty of two counts of resisting law enforcement as well as battery, interfering with the reporting of a crime, and reckless driving. He now appeals.

## DISCUSSION AND DECISION

### I. WAIVER

█ Sanders contends that one of his resisting law enforcement convictions must be vacated, as the two convictions arose from one continuous act of flight from police officers. The State notes that Sanders contention arises under the "continuing crime doctrine," which states that a defendant may not be twice convicted for the same continuous offense. See Boyd v. State, 766 N.E.2d 396, 400 (Ind.Ct.App. 2002). Citing Vaillancourt v. State, 695 N.E.2d 606, 610 (Ind.Ct.App.1998), trans. denied, the State argues that the contention should have been the subject of a motion to dismiss the charging information. Specifically, the State argues that as a challenge to the adequacy of the charging information pursuant to Ind.Code § 35–34–1–4, a motion to dismiss should have been made no later than twenty days prior to Sanders' omnibus date when he was charged with a felony. Citing Vaillancourt, 695 N.E.2d at 610 and Daugherty v. State, 466 N.E.2d 46, 52 (Ind. Ct.App.

1984), the State contends that the issue has been waived.

We have reviewed the cases cited by the State, and we initially note that Boyd refers to multiple convictions or punishments rather than multiple charges. Further, we note that Vaillancourt and Daugherty address motions to dismiss but do not require the defendant to file a motion to dismiss when the "continuing crime doctrine" is alleged. Finally, we note that we have decided cases involving this doctrine without requiring the filing of a motion to dismiss. See Touchstone v. State, 618 N.E.2d 48, 49 (Ind.Ct.App.1993); Armstead v. State, 549 N.E.2d 400, 401 (Ind.Ct. App.1990).

We conclude that Sanders has not waived the issue, and we now turn to the merits of his claim.

### II. PROPRIETY OF TWO CONVICTIONS

█ In Armstead, we noted that the offense of resisting law enforcement, codified at Ind.Code § 35–44–3–3, does not constitute a crime against the person. Id. We further noted that the offense is an interference with governmental operations constituting an offense against public administration. Id. We stated that a person who commits such an offense "harms the peace and dignity of the State of Indiana and its law enforcement authority." Id. We held, therefore, that the "harm caused by one incident is the same regardless of the number of police officers resisted. It is the act of resisting duly constituted authority which the statute prohibits, not resisting individual representatives of that authority." Id. We noted that multiple violations of the statute occur when "more than one incident occurs." Id. at 402.

In a subsequent case, the defendant, claiming a violation of double jeopardy un-

der the Article 1, Section 14 of the Indiana Constitution, challenged two resisting law enforcement convictions arising from an alleged single event. *Johnson v. State*, 774 N.E.2d 1012, 1014 (Ind.Ct.App. 2002). In the case, a Madison County Police Officer initiated a chase but stopped her pursuit due to foggy conditions. Subsequently, a Hamilton County Police Officer spotted the defendant's vehicle, initiated a pursuit, and eventually arrested the defendant. Citing the reference in *Armstead* to multiple incidents, we held that under the circumstances, the trier of fact properly determined that the pursuits "were sufficiently separated by time and distance as to constitute two distinct, separate offenses." *Id.* at 1015.

Sanders points out that in the present case there was a gap of only minutes instead of the two to three hour gap in *Johnson*. He also points out that Johnson testified that he knew the police had discontinued the initial pursuit, while Sanders testified that he did not know the initial pursuit had ceased. We conclude that in the present case, as in *Johnson*, there were two distinct pursuits. Although the pursuits were not separated by hours, they were separated by both time and distance. In short, one pursuit clearly ended and another began. We do not find Sanders' professed lack of knowledge about the pursuits to be relevant.

### CONCLUSION

Sanders did not waive the issue; however, he cannot prevail on the merits.

Affirmed.

FRIEDLANDER, J., concurs.

VAIDIK, J., dissenting with separate opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent from the majority's conclusion that there are two distinct police pursuits in this case that are separated by both time and distance. Rather, I believe there is only one pursuit and therefore would reverse one of Sanders' convictions for resisting law enforcement.

The offense of resisting law enforcement does not constitute a crime against the person. *Armstead v. State*, 549 N.E.2d 400, 401 (Ind.Ct.App.1990). Rather, it is an interference with governmental operations that constitutes an offense against public administration. *Id.* A person who violates Indiana Code § 35–44–3–3 harms the peace and dignity of the State and its law enforcement authority, and the harm caused by one incident is the same regardless of the number of police officers resisted. *Id.* It is the act of resisting duly constituted authority that the statute prohibits, not resisting individual representatives of that authority. *Id.* Unless more than one incident occurs, there may be only one charge. *Id.* at 402. "When a defendant harms a single entity as a result of a single incident, we believe he should be answerable for the greatest harm stemming from that single incident." *Id.*

In *Johnson v. State*, 774 N.E.2d 1012 (Ind.Ct.App.2002), upon which the majority relies, a Lapel Police Department Officer, Officer Byrne, tried to stop Johnson in Madison County in the early morning hours. Johnson initially stopped but drove off into Hamilton County. Officer Byrne pursued Johnson into Hamilton County but stopped her pursuit at 3:20 a.m. due to foggy conditions. She advised dispatch of the fleeing vehicle, including its license plate number, and requested an all points bulletin. A Noblesville Police Department Officer, Officer Von Housman, heard the dispatch and saw Johnson's car within five minutes of hearing the dispatch and attempted to stop Johnson. However, Johnson refused and continued driving. Eventually, Officer Housman stopped Johnson

and arrested him. Johnson was charged in both Madison and Hamilton counties with resisting law enforcement. After being convicted in Hamilton County, Johnson moved to dismiss the Madison County charge on double jeopardy grounds, arguing that it constituted "one continuous event." *Id.* at 1014.

On appeal, we held that Johnson's actions could be divided into two very distinct parts: his resistance to Officer Byrne in Madison County and his subsequent resistance to Officer Von Housman in Hamilton County. We highlighted the fact that at trial, "Johnson testified that he saw Officer Byrne break off her chase. Johnson stated that he drove around for two and a half to three hours before heading home. He testified there were no police cars behind him and that he was not under pursuit at all times." *Id.* As such, when Officer Von Housman attempted to stop Johnson and Johnson resisted, that conduct constituted a separate offense from his resistance to Officer Byrne. "The trial court properly found that Johnson's actions in resisting Officer Byrne and Officer Von Housman were sufficiently separated by time and distance as to constitute two distinct, separate offenses," and "Johnson will not be subjected to double jeopardy by prosecution of the resisting law enforcement charge in Madison County." *Id.* at 1015.

This case is readily distinguishable from *Johnson.* I believe the two to three hour gap in *Johnson,* during which Johnson was not under pursuit, is a crucial difference. Instead, in this case, Officer Cook pursued Sanders and then lost sight of him when he crossed a ditch and entered a church parking lot. Approximately two minutes and eight blocks later, Officer Somerville, who had heard the dispatch, observed Sanders drive by at an excessive rate of speed. He activated his emergency lights and siren and began following him. After an eleven-mile chase, Sanders was apprehended.

I believe that Sanders' acts of resisting Officers Cook and Somerville arose from a single incident. To me, it does not make any difference that Officer Cook ended his pursuit because Sanders, who had a two-block lead, crossed a ditch and Officer Cook did not want to damage his vehicle. Sanders was engaged in the same act of evading law enforcement when Officer Somerville picked up in the chase of Sanders a minute or two and seven or nine blocks later. *See* Tr. p. 76. I would therefore reverse one of Sanders' resisting law enforcement convictions. *See Miller v. State,* 726 N.E.2d 349, 352 (Ind.Ct.App. 2000), *summarily aff'd in relevant part,* 753 N.E.2d 1284 (Ind.2001), *reh'g denied.*

### ORDER

The Court, on its own motion, FINDS AND ORDERS AS FOLLOWS:

1. This Court's opinion handed sown in this cause on September 15, 2009, marked "Memorandum Decision, Not for Publication," in now ORDERED PUBLISHED.