**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 17 2014, 9:54 am

*Kevin S. Smith*

CLERK

of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**CHRISTOPHER J. HAMMERLE**
**CHRISTOPHER B. SERAK**
Jacob Hammerle & Johnson
Zionsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER CARLISLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1308-CR-352 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1202-FD-85

**June 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Christopher Carlisle (Carlisle), appeals his conviction for domestic battery, a Class D felony, Ind. Code § 35-42-2-1.3.

We affirm.

## ISSUES

Carlisle raises two issues on appeal which we restate as follows:

(1) Whether the trial court abused its discretion by failing to issue a sentencing statement; and

(2) Whether the charging Information was insufficient.

## FACTS AND PROCEDURAL HISTORY

Carlisle and Alyssa Toney (Toney) were in a relationship and lived together for four years. Together, they had two children, who were then, ages four and two. On the early morning of February 23, 2012, Toney returned home from work. She found Carlisle sleeping on the couch with the youngest child, and the oldest child was sleeping in his bedroom. Toney had worked a night shift at Wal-Mart so she proceeded to go to bed. At some point, she was awoken by her youngest child, who was now on her bed, crying because he had a wet diaper. According to Toney, she woke up to go "fix him a bottle," but Carlisle entered the bedroom before she could exit. (Transcript p. 10). What followed was a heated argument. Carlisle confronted Toney about their youngest child's hygiene, asking why the "baby was soaking wet," threatening to call Child Protective Services (CPS). (Tr. p. 12). In response, Toney called him a "dumbass." *Id.* This made Carlisle angry and he reacted by slapping Toney on her face with his hand. By this time, both

children were awake and were in the bedroom when Carlisle hit Toney. Carlisle left the bedroom, and at some point, Toney texted her father. Thereafter, Toney's father called the police, who arrived at their residence, conducted an investigation, and later arrested Carlisle.

The next day, the State filed an Information charging Carlisle with domestic battery, a Class D felony. On November 2, 2012, Carlisle waived jury trial, and a bench trial was conducted the same day. At the close of the evidence, the trial court found Carlisle guilty as charged. On June 24, 2013, the trial court sentenced Carlisle to one and one-half years executed.

Carlisle now appeals. Additional information will be provided as necessary.

DISCUSSION AND DECISION

I. *Sentencing Statement*

Carlisle argues that the trial court abused its discretion when it failed to provide a sentencing statement when sentencing him. We note that a "trial court's sentencing determination is within its discretion, and we will reverse only for an abuse of that discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g by,* 875 N.E.2d 218 (Ind. 2007). The trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. We may find an abuse of discretion if the trial court does not provide a sentencing statement, the sentencing statement is not supported by the record, the sentencing statement omits reasons clearly supported by the record and advanced by the defendant, or the trial court's reasons for

3

sentencing are improper as a matter of law. *Id*. at 490-91. In a felony case, the trial court must give a reasonably detailed recitation of the reasons for the sentence imposed. *Id*. at 490. In reviewing sentencing decisions, we consider both the written and oral sentencing statements. *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002).

Carlisle is correct when he asserts the trial court must issue a sentencing statement for felony convictions and here, the trial court did not. This notwithstanding, we note that where a trial court has failed to enter a sentencing statement, we may either remand for a new sentencing statement or exercise our authority to review the sentence under Indiana Appellate Rule 7(B). *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007), *reh'g denied*.

Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." If the defendant's sentence is not inappropriate, we may affirm the sentence despite an inadequate sentencing statement. *See Windhorst*, 868 N.E.2d at 507. *See also Eiler v. State*, 938 N.E.2d 1235, 1239 (Ind. Ct. App. 2010). In light of the foregoing, we elect to address whether Carlisle's sentence is inappropriate under App. R. 7(B).

In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). The sentencing range for a Class D felony is between six months and three years, with the advisory sentence

4

being one and one-half years.  I.C. § 35-50-2-7.  Here, the trial court imposed a one and one-half year sentence.

As for the nature of the offense, Carlisle physically assaulted Toney by slapping her on the face, in front of their minor children.  As for his character, in 2006, Carlisle pled guilty to non-support of a dependent child, battery, and false informing.  In addition, at trial, the court found that Carlisle had violated the terms of his probation by failing to make child support payments from February 2011 to May 2011.  Also, Carlisle committed the instant offense while on probation.  At the sentencing hearing, we note that Carlisle asked the court to consider that he suffered from a chronic illness which requires constant medical attention.  We find that Carlisle illness has not deterred him from breaking the law and conclude that Carlisle's was sentence appropriate.

## II.  *Charging Information Was Insufficient*

Carlisle claims that the Charging Information was insufficient to inform him of the charge proffered against him.  As a preliminary matter, we note that Carlisle did not raise this issue at trial.  Therefore, Carlisle has waived this issue for appeal.  *See Stevens v. State*, 913 N.E .2d 270, 278-79 (Ind. Ct. App. 2009) (a challenge to the adequacy of a Charging Information must be made by a motion to dismiss prior to arraignment or the issue is waived); *Vaillancourt v. State*, 695 N.E.2d 606, 610 (Ind. Ct. App. 1998) ("The proper time for raising the insufficiency of the charging information is prior to arraignment.").

Carlisle attempts to avoid waiver by arguing that the insufficient Charging Information constitutionally denied him a fair trial.  We note that the fundamental error exception to the contemporaneous objection rule is extremely narrow, and applies only

5

where the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *See Brown v. State*, 929 N.E.2d 204 (Ind. 2010). The claimed error must either make a fair trial impossible or constitute a clearly blatant violation of basic and elementary principles of due process. *Id*.

I.C. § 35-34-1-2(d), as a whole, sets forth the required contents of a Charging Information. The overarching purpose of the statute is to give the defendant particular notice of the crimes with which he is being charged and also enable him to prepare an appropriate defense.

The offense of domestic battery is governed by I.C. § 35-42-2-1.3, which provides:

A person who knowingly or intentionally touches an individual who:
(1) is or was a spouse of the other person;
(2) is or was living as if a spouse of the other person as provided in subsection (c); or
(3) has a child in common with the other person;
in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.

The offense "is a Class D felony if the person who committed the offense . . . committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense." *See* I.C. § 35-42-2-1.3(b)(2).

Here, the charging Information stated in part that:

[] on or about February 23, 2012 [] Carlisle did knowingly and intentionally [] [slap Toney] across the face resulting in bodily injury [and that] . . . Carlisle committed the said offense in the presence of [] children less than 16 years of age [] knowing that [] [they may be] present and might be able to see or hear the offense [] contrary to [] I.C. § 35-42-2-1.3(a).

6

(Appellant's App. p. 20).

Looking at the above Charging Information, we note that the State cited I.C. § 35-42-2-1.3(a), making the offense a Class A misdemeanor, instead of quoting the correct statutory provision *i.e.* I.C. § 35-42-2-1.3(b)(2), making the offense a Class D felony offense. It is on this basis, Carlisle argues that he was not put on notice of the offense for which he was charged with. This notwithstanding, we find that any defect on the Charging Information was not a fundamental error, and that the State properly put Carlisle on notice of the instant offense. On the caption of the Charging Information, the State indicated that Carlisle was being charged with

> Count I
> Domestic Battery
> I.C. § 35-42-2-1.3(a) and I.C. § 35-42-2-1.3(b)(2)
> a Class D felony

(Appellant's App. p. 20). Moreover, we note that the probable-cause affidavit stated that Carlisle was being charged with domestic battery, a Class D felony. *See Woods v. State*, 980 N.E.2d 439, 443 (Ind. Ct. App. 2012) (holding that a probable-cause affidavit should be viewed together with the Charging Information to determine if the defendant was put on notice of the crime being he was being charged with).

In totality of the evidence before us, we conclude that Carlisle was put on notice on the charged offense, and that even though the State incorrectly cited the wrong statutory provision, we find that error to be harmless.

## CONCLUSION

Based on the foregoing, we conclude that (1) though the trial court failed to issue a sentencing statement, the sentence was appropriate; and (2) that the Charging Information correctly put Carlisle on notice of the crime for which he was charged.

Affirmed.

ROBB, J. and BRADFORD, J. concur