**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAKILA GILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-633 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1207-FA-50088

**April 07, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Lakila Gill ("Gill") was convicted of Attempted Murder, a Class A felony, and Aggravated Battery, as a Class B felony. She now appeals, challenging only the sufficiency of the evidence as to her conviction for Attempted Murder.

We affirm Gill's conviction for Attempted Murder. We also <u>sua sponte</u> reverse her conviction for Aggravated Battery on double jeopardy grounds, and remand with instructions to the trial court to vacate that conviction.

**Facts and Procedural History**

In the early morning hours of July 22, 2012, Timothy Williams ("Williams") had gone to visit a friend living on 22nd Street in Indianapolis. Williams was in his friend's house when he heard a car pull up and the sounds of two individuals—later identified as Gill and her sister, Shameka Gill ("Shameka")—arguing and physically attacking each other. Williams and his friend went outside and broke up the fight, and Williams went back inside.

Soon afterward, Gill began screaming at Shameka again and said to her, "Is this what you want?" (Tr. at 24.) As Williams went back outside to see what was happening, he saw several flashes and heard gunshots. Gill had shot Shameka in the face, and Shameka was lying on the ground, screaming, and bleeding from a wound near her eye. Williams went into the house's kitchen and retrieved a wet towel to use as a compress on Shameka's eye while they waited for assistance to arrive. Gill remained outside and was at one point holding a firearm and pacing behind Williams.

Eventually, Gill got back into her car and began to use her cell phone. The first police officer to arrive at the scene, Indianapolis Metropolitan Police Department ("IMPD") Officer Ronald Rehmel ("Officer Rehmel"), approached Gill's car and heard Gill say that she had made "a serious mistake." (Tr. at 41.) Officer Rehmel placed Gill under arrest and, after checking on Shameka, joined with other officers in searching for evidence.

Officer Rehmel located a .22-caliber handgun underneath the driver's seat of Gill's vehicle. The firearm was unloaded and the slide was locked back, leaving the action open. Two spent bullet casings that had been ejected from the gun were found on the ground, as was a still-unfired bullet.

Shameka was transported by medics to Methodist Hospital. After several surgeries to remove bone and bullet fragments, doctors determined that as a result of the shooting, Shameka was unlikely to recover vision in her left eye.

On July 25, 2012, the State charged Gill with Attempted Murder, as a Class A felony. On January 9, 2013, the State amended the charging information to add a count of Aggravated Battery, as a Class B felony.

A jury trial was conducted on April 29 and 30, 2013. At the conclusion of the trial, the jury found Gill guilty as charged.

On June 28, 2013, a sentencing hearing was conducted. At the hearing's conclusion, the trial court entered judgments of conviction against Gill for Attempted Murder and Aggravated Battery. The trial court sentenced Gill to an aggregate term of imprisonment of

3

twenty years: twenty years imprisonment for Attempted Murder and ten years imprisonment for Aggravated Battery, with the sentences run concurrently with one another.

This appeal ensued.

**Discussion and Decision**

Attempted Murder

Gill raises one issue on appeal: whether the State presented sufficient evidence to sustain her conviction for Attempted Murder.

Our standard of review on challenges to the sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

To convict Gill of Attempted Murder, as charged, the State was required to prove that Gill attempted to intentionally kill Shameka by shooting her with a gun, with the specific intent to kill Shameka, such that Gill's conduct constituted a substantial step toward commission of the crime of Murder. I.C. §§ 35-41-5-1 & 35-42-1-1.

Here, Gill does not contest the sufficiency of the evidence as to whether she shot Shameka. Rather, Gill challenges the sufficiency of the evidence as to the question of intent.

4

"A conviction for attempted murder requires proof of a specific intent to kill." Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008). Intent is a mental state, and intent to kill may be inferred from the circumstances surrounding the offense. Perez v. State, 872 N.E.2d 208, 213 (Ind. Ct. App. 2007), trans. denied. Such intent may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death of serious injury. Henley, 881 N.E.2d at 652. Firing a gun in the direction of an individual is substantial evidence from which a jury may infer intent to kill. Id. Gill analogizes the evidence in her case to the facts in Henley, where our supreme court concluded that there was insufficient evidence of intent to kill where the defendant had fired a gun "to ward off what he perceived was an attack by a large dog," namely, a police canine. Id. at 653. Henley is inapposite here, however, because the Henley Court differentiated between the facts in that case and cases where a defendant had fired multiple shots at a victim, had fired directly at a police officer, or had said "You're dead" to a police officer after pointing a shotgun. Id. (citing, inter alia, Shelton v. State, 602 N.E.2d 1017, 1021 (Ind. 1992); Parks v. State, 513 N.E.2d 170, 171 (Ind. 1987); Brumbaugh v. State, 491 N.E.2d 983, 984 (Ind. 1986)).

The facts that favor the judgment in this case are that Gill and Shameka had been arguing and physically fighting with one another. Williams had helped to break up the fight, but Gill began to yell at Shameka again. Gill said, "Is this what you want?" and, per Williams's testimony, fired multiple gunshots at Shameka, striking her in the face at least once. Gill then appears to have removed an unspent bullet from the firearm and secured the weapon, based upon Officer Rehmel's testimony that he found the gun underneath the seat of

5

Gill's car unloaded and with the slide locked open, which he testified was how he would have stored a firearm. (Tr. at 45.) When Officer Rehmel arrived at the scene, Gill stated that she had made "a serious mistake." And while Gill draws our attention to statements of regret after her commission of the instant offense, we decline her invitation to reweigh evidence.

Under the circumstances, we cannot conclude there was insufficient evidence from which a reasonable jury could have inferred that Gill intended to kill Shameka when she fired the pistol. We accordingly affirm the judgment of the trial court with respect to Gill's conviction for Attempted Murder.

Aggravated Battery and Double Jeopardy

This does not end our analysis, however. We now turn sua sponte to the question of whether Gill's convictions for Attempted Murder and Aggravated Battery violate the Double Jeopardy provision of the Indiana Constitution.

A double jeopardy violation, if shown, ensnares fundamental rights. Scott v. State, 855 N.E.2d 1068, 1074 (Ind. Ct. App. 2006). Here, Gill was charged with both Attempted Murder and Aggravated Battery; the charge of Aggravated Battery was premised upon the same injury that was caused by Gill's discharge of the firearm at Shameka, namely, the injury to Shameka's eye.

Article I, Section Fourteen of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." The Indiana Supreme Court has held that two or more offenses are the "same offense" if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict the defendant of the offense, the

6

essential elements of one challenged offense also establish the essential elements of another challenged offense.  Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

In addition to the constitutional actual evidence test, our supreme court has identified five common law or statutory double jeopardy categories.  These are:  (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished; (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished; (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished; (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished; and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished.  Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002).

Our supreme court applied these tests in Davis v. State, 770 N.E.2d 319 (Ind. 2002). In that case, the court vacated Davis's convictions for both Attempted Murder and Aggravated Battery, where Davis had attacked his victim with a knife and cut his victim's throat.  770 N.E.2d 319, 323-24 (Ind. 2002).  Here, Gill was convicted of both Attempted Murder and Aggravated Battery for the same offense:  knowingly or intentionally inflicting injury upon Shameka by shooting her with a handgun, which resulted in the loss of

7

Shameka's left eye. As in <u>Davis</u>, then, "a reasonable possibility exists that the jury used the evidence proving the elements of attempted murder to also establish the elements of aggravated battery." <u>Id.</u> at 324.

Both convictions cannot stand under the Indiana Double Jeopardy Clause. Accordingly, we reverse the trial court's entry of a judgment of conviction against Gill for Aggravated Battery, and remand the case to the trial court with instructions to vacate that conviction.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and MAY, J., concur.